# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| OLIVIA A. ADAMS, ESQUIRE,<br>    Plaintiff,<br><br>    v.<br><br>JAMES MURRAY LYNN, et al.,<br>    Defendants. | Civil Action No. 09-5908 |

**MEMORANDUM**

August 9, 2010                                                                                   Pollak, J.

Defendant, Judge James Lynn of the Court of Common Pleas of Philadelphia County, and court defendants, the Court of Common Pleas of Philadelphia County, the Superior Court of Pennsylvania, and Supreme Court of Pennsylvania have filed the present motion to dismiss (docket no. 8) plaintiff's complaint (docket no. 1) that alleges that the defendants violated her rights to due process under the Fifth and Fourteenth Amendments and that seeks redress under 42 U.S.C. § 1983. Plaintiff, an attorney, responded through her former counsel (docket no. 12) but, after deciding to proceed *pro se*, plaintiff filed another response (docket no. 22). The motion is now ripe for disposition.

# I.    Facts

The relevant facts of this case, as alleged in the complaint, are as follows. Defendant James Murray Lynn is a Court of Common Pleas Judge for Philadelphia County, Pennsylvania. Compl. ¶ 8. Defendant Court of Common Pleas of Philadelphia County is the trial court in the Pennsylvania court system. *Id.* at ¶ 9. Defendant Superior Court of Pennsylvania and Supreme Court of Pennsylvania are Pennsylvania appellate courts. *Id.* at ¶ 10-11. At all times defendants acted through their agents and employees all of whom were duly qualified and acting judicial officers and personnel. *Id.* at ¶ 12.

The present action arises from a series of lawsuits in Pennsylvania state court. In the first action, plaintiff sought damages for, *inter alia*, breach of contract against Patrick Charles and Craigg Real Estate Investment Corporation (Craigg). *Id.* at ¶ 19. On July 10, 2002, Judge Norma Ackerman of the Philadelphia Court of Common Pleas issued a settlement order in that action, which incorporated a settlement agreement reached by the parties in that action. *Id.* at ¶ 20. The agreement was that the property in dispute, at 2212 Watkins Street, was to be sold with fifty percent of the proceeds going to plaintiff once Charles and Craigg received a credit of $3000. *Id.* at 21.

In the years following, the property was not sold and communication between the parties broke down. *Id.* at ¶ 22. In August 2005, plaintiff offered to settle the issues regarding the outstanding order for $2000 and the cessation of all communication between the parties, to which Charles and Craigg made a counter offer through their

attorney, Thomas F. Grady. *Id.* at ¶ 23-25. Thereafter, plaintiff filed a motion to enforce

settlement on September 29, 2006. *Id.* at ¶ 25. Shortly after the motion to enforce was

filed, plaintiff discovered that Charles and Craigg sold the property at issue for $70,000

to Charles's sister and brother-in-law on August 6, 2006, in violation of the July 2002

settlement order. *Id.* at ¶ 26-27. Due to the sale, plaintiff requested that the motion to

enforce be modified and that a constructive trust be place on the proceeds of the sale. *Id.*

at ¶ 29.

On May 1, 2007, Judge Lynn ordered that plaintiff was due fifty percent of the

proceeds of the sale, but denied the imposition of constructive trust. *Id.* at ¶ 32. The

plaintiff filed a cross-appeal seeking the imposition of the constructive trust. *Id.* at ¶ 33.

On June 23, 2008, the Superior Court issued a memorandum opinion remanding the case

to Judge Lynn in order for him to impose a constructive trust on the property (June 23,

2008 order). *Id.* at ¶ 34-35.

On remand Judge Lynn called for an informal conference, which was led by Judge

Pro Tem, Vincent Melchiorre, Esq., who told the parties that a constructive trust would

be imposed on the $70,000 and that Charles and Craigg Real Estate would be sanctioned

if they failed to appear with that amount. *Id.* at ¶ 36. On August 6, 2008, instead of the

scheduled hearing, plaintiff alleges that Judge Lynn held a bifurcated settlement

conference, where plaintiff was pressured by Judge Pro Tem Melchiorre to not only settle

the litigation against Charles and Craigg, but also to settle a related action against

Thomas F. Grady, counsel for Charles and Craigg. *Id.* at 28. According to the

complaint, Melchiorre stated that "there are groups of attorneys, Jewish Attorneys, Italian

Attorneys, Black Attorneys and Judge Lynn would not let [Plaintiff] take Grady down

like this." *Id.* at ¶ 39 (alteration in original). In an order dated August 6, 2008, and filed

August 14, 2008 (August 6, 2008 order), Judge Lynn did not impose a constructive trust

on the $70,000 and instead imposed a receivership on the amount of $30,500. *Id.* at ¶ 40.

On October 10, 2008, plaintiff then filed a motion to enforce with the Superior

Court pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). *Id.* at ¶ 44. The

Superior Court denied the motion to enforce. *Id.* at ¶ 45. It stated that the August 6,

2008 order fulfilled the directions to Judge Lynn contained in its June 23, 2008 order.

*Id.* at Exh. E. The Superior Court further stated that if plaintiff wished to challenge the

August 6, 2008 order, she should have filed an appeal. *Id.* It stated that even if the court

construed the motion to enforce as an appeal, it would be untimely. *Id.* Plaintiff filed a

motion for reconsideration with the Superior Court, which was denied. *Id.* at ¶ 47.

Plaintiff then filed an application for relief with the Supreme Court of Pennsylvania,

which that court declined to hear. *Id.* at ¶ 48.

Plaintiff seeks: (1) a declaratory judgment that plaintiff is entitled to the

imposition of a constructive trust on the $70,000; (2) a declaratory judgment that the

collective Pennsylvania courts have violated her due process rights by failing to enforce

the Superior Court's June 23, 2008 order; (3) an order directing the Court of Common

pleas to conduct a hearing to determine plaintiff's share of proceeds; and (4) a mandatory

injunction requiring Judge Lynn to act within ten days of this court's order.

## II.     Analysis

The defendants raise several grounds for dismissal including:  (1) immunity under

the Eleventh Amendment; (2) the *Younger* abstention doctrine; (3) lack of subject matter

jurisdiction under the *Rooker-Feldman* doctrine; (4) res judicata and collateral estoppel;

(5) absolute judicial immunity; (6) failure to state a claim under § 1983 as the defendants

are not "persons" within the meaning of the statute; and (7) failure to state a claim

because the allegations do not show a violation of the rights under the Fifth and

Fourteenth Amendments.

### A.  The Applicability of the *Rooker-Feldman* Doctrine

Plaintiff's claims implicate the *Rooker-Feldman* doctrine, as a federal district

court "lack[s] subject matter jurisdiction once a state court has adjudicated an issue

because Congress has conferred only original jurisdiction, not appellate jurisdiction, on

the district courts."  *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab.

Litig.*, 134 F.3d 133, 143 (3d Cir. 1998) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S.

413, 416 (1923)).  The Third Circuit has "interpreted the doctrine to encompass final

decisions of lower state courts."  *General Motors*, 134 F.3d at 143.

### 1. The August 6, 2008 Order is Both Final and a Judicial Adjudication

First, I must determine whether the August 6, 2008 order of Judge Lynn would be considered final under Pennsylvania law and is an adjudication–the two prerequisites to application of the *Rooker-Feldman* doctrine. *Guarino v. Larsen*, 11 F.3d 1151, 1157 (3d Cir. 1993). The Third Circuit has used the test for finality under the Full Faith and Credit Act, 28 U.S.C. § 1738, to determine finality for the purpose of applying the *Rooker-Feldman* doctrine. *General Motors*, 134 F.3d at 141-143. The Full Faith and Credit Act states:

> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738. Thus, if Pennsylvania treats the order as final and preclusive of further litigation on the issue, the order is final for purposes of the *Rooker-Feldman* doctrine.

The order is final under Pennsylvania law as it cannot be modified by appeal or by the trial court. The Pennsylvania Superior Court in its October 10, 2008 order determined that the August 6, 2008 was final since plaintiff had failed to appeal within

the thirty days allowed by Pennsylvania Rule of Civil Procedure 903(a).[1]  *See* Compl.

Exh. E (denying the application for enforcement with the Superior Court as an untimely

appeal and refusing to reconsider the order).  The Pennsylvania Supreme Court then

declined to review the Superior Court order.  *See* Compl. ¶ 48.

Similarly, Judge Lynn and the Court of Common Pleas could only reconsider the

order within thirty days and lack the power to modify the order once this period expired.

*See PNC Bank, N.A. v. Unknown Heirs*, 929 A.2d 219, 226 (Pa. Super. Ct. 2007) (citing

42 Pa. C.S.A. § 5505).  As more than thirty days have elapsed from the August 6, 2008

order, the order cannot be modified by the trial court.  The fact that there are other

motions pending before the Court of Common Pleas does not affect the finality of the

order, as it can not be reconsidered by the Court of Common Pleas and plaintiff has

exhausted her appeals from the order.  *Cf.  PNC Bank*, 929 A.2d at 227 n. 3 (noting that

an unrelated motion pending in the trial court did not disturb the finality of an order).

Thus, the order is final for purposes of the *Rooker-Feldman* doctrine.[2]

---

[1] The Superior Court also noted that Judge Lynn complied with its earlier rulings.
See Compl. Exh. E.

[2] Defendants also raise the related *Younger* abstention doctrine which requires a
federal court to abstain when its adjudication would interfere with a pending state court
action.  However, *Younger* may be inappropriate in this situation, even though
proceedings continue in the state court, as the order at issue can no longer be modified by
Pennsylvania state courts.  *See Guarino v. Larsen*, 11 F.3d 1151, 1157 n.1 (3d Cir. 1993)
(stating that *Rooker-Feldman*, rather than *Younger*, applied because "the state's *highest
court* already had reached its judgment by the time of the district court's hearing" and the
plaintiff "had no state remedies that he could have pursued which he failed to pursue"
(emphasis in original)).

There can be no question that Judge Lynn's August 6, 2008 order was an adjudicative act, as it was a judicial determination of plaintiff's cause of action. *General Motors*, 134 F.3d at 143. Thus, the prerequisites of the doctrine are present.

**2. Resolving Plaintiff's Federal Claims would in Effect Require this Court to Undertake Appellate Review of the Pennsylvania State Courts' Orders**

"The *Rooker-Feldman* doctrine bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment." *Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). "A case is the functional equivalent of an appeal from a state court judgment in two instances: (1) when the claim was actually litigated before the state court; or (2) when the claim is inextricably intertwined with the state adjudication." *Marran*, 376 F.3d at 149 (citing *ITT Corp. v. Intelnet Int'l Corp.*, 366 F.3d 205, 210 (3d Cir. 2004)). A court should begin by analyzing whether the claim is inextricably intertwined with the state adjudication, as determining whether the claim was actually litigated is the more difficulty task, when the claim is not identical to the state court claim. *Marran*, 376 F.3d at 149-50.

"A claim is inextricably intertwined with the state court adjudication when 'federal relief can only be predicated upon a conviction that the state court was wrong.'"

*Id.* at 150 (quoting *Parkview Assoc. v. City of Lebanon*, 225 F.3d 321, 325 (3d Cir. 2000)). "Rooker-Feldman applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered, or must take action that would render the state judgment ineffectual." *Marran*, 376 F.3d at 150 (internal quotations omitted).

Plaintiff's request for a declaratory judgment that plaintiff is entitled to a constructive trust on the proceeds of the sale would require this court to review a state court judgment in the same fashion an appellate court would. According to the complaint and Judge Lynn's order, Judge Lynn created a receivership on the sum of $30,500. Compl. ¶ 40 & Exh. D.. To enter a declaratory judgment that plaintiff was instead entitled to a constructive trust on proceeds of the sale would require this court to act as an appellate court reviewing the Court of Common Pleas' order as such a declaratory judgment would be a direct statement that Judge Lynn erred.

The request for a mandatory injunction ordering Judge Lynn to hold another hearing within ten days of this court's order is similarly beyond the jurisdiction of this court. The requested hearing would be on what amount of proceeds from the sale of the property at 2212 Watkins Street the plaintiff is entitled to recover. The August 6, 2008 order decided this issue, so for this court to require a hearing on an issue conclusively decided by the state court's order would be "predicated upon a conviction that the state court was wrong." *Marran*, 376 F.3d at 150 (internal quotation omitted).

The result does not change because plaintiff has a federal claim alleging that the state court proceedings violated due process since the due process claim is inextricably intertwined with the state court's order. *See Feldman*, 460 U.S. at 483 n.16 ("If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding . . . then the District Court is in essence being called upon to review the state court decision. This the District Court may not do."). The plaintiff's claim that failure to enforce the Superior Court's June 23, 2008 order violates her due process rights is inexplicably intertwined with the Superior Court's later order of October 10, 2008 denying the motion to enforce, and Judge Lynn's order of August 6, 2008. Judge Lynn's order stated it was fulfilling the June 23, 2008 order of the Superior Court, a statement with which the Superior Court agreed with when dismissing what it construed as the plaintiff's appeal from the August 6, 2008 order. It is a necessary predicate to the due process claim for failure to enforce the June 23, 2008 order that the Pennsylvania courts have failed to enforce the June 23, 2008 order. This predicate would require a federal district court entertaining plaintiff's claims to consider whether both the Court of Common Pleas and the Superior Court were wrong in their orders stating that the June 23, 2008 order was being enforced. As the Supreme Court has stated, the *Rooker-Feldman* doctrine bars "seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."

*Johnson v. De Grandy,* 512 U.S. 997, 1005-06 (1994).

Thus, the plaintiff's claim for relief and request for relief, Compl. p. 10-11, would require that this court review the correctness of a state court decision. This is a task reserved for the United States Supreme Court, 28 U.S.C. § 1257,[3] and withheld from the lower federal courts under *Rooker-Feldman*.

**B.      Can Plaintiff Amend her Complaint to Remedy the Defects Analyzed Above?**

Plaintiff in her opposition to the motion to dismiss attaches an amended complaint. Federal Rule of Civil Procedure 15(a) allows a party to amend her pleadings before trial if done within "21 days after serving it," "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)," or "in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). As the plaintiff's opposition with the proposed amended complaint attached was filed on March 16, 2010, well after the complaint (filed on December 11, 2009) and motion to dismiss,(filed December 30, 2009), plaintiff cannot amend as of right. Thus, plaintiff can only amend with leave of court.

Although leave to amend should be given freely when justice so requires, Fed. R.

_____

[3] Section 1257 states in its relevant portion that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ." 28 U.S.C. § 1257.

Civ. P. 15(a)(2), a district court can deny such leave if it determines that the amendment would be futile. *Jones v. ABN Amro Mortg. Group, Inc.*, 606 F.3d 119, 125 (3d Cir. 2010). Plaintiff claims that the proposed amended complaint would address any defects raised in defendants' motion to dismiss. However, the proposed amended complaint asks for the same relief as the original complaint. Such relief would, as discussed above, require that this court invalidate decisions of the Pennsylvania Courts.

Any conceivable amendment to plaintiff's claims will still arise from the decisions of the Pennsylvania Courts and essentially argue that such courts have erred in their decisions. If plaintiff was given further leave to amend, the *Rooker-Feldman* doctrine would apply. Therefor, amendment would be futile.

## III.    Conclusion

For the foregoing reasons, defendants' motion to dismiss will be granted. The complaint will be dismissed with prejudice. An appropriate order follows.