IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLIVIA A. ADAMS, ESQUIRE,<br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES MURRAY LYNN, et al.,<br>　　　　　Defendants. | Civil Action No. 09-5908 |

**MEMORANDUM ORDER**

March 9, 2011                                                                                                 Pollak, J.

Plaintiff has filed a motion for reconsideration of this court's August 9, 2010 opinion, which granted defendants' motion to dismiss. *See* Dkt. 23 (opinion); Dkt. 25 (motion for reconsideration). The factual and procedural history of this case are recounted in that opinion, and will not be repeated here. Suffice it to say that this court found that plaintiff's original complaint was subject to dismissal under the *Rooker-Feldman* doctrine because plaintiff requested relief—including a declaratory judgment that plaintiff was entitled to a constructive trust on the proceeds of sale of 2212 Watkins Street and an injunction directing Judge Lynn to hold a hearing to determine plaintiff's share of the proceeds of sale—that would require a review of orders issued by the Pennsylvania Court of Common Pleas and the Pennsylvania Superior Court. This court

1

also denied plaintiff leave to amend her complaint on the ground that any amendment would be futile.

Plaintiff, who is a licensed attorney, argues that this court failed to properly consider her *pro se* response to the defendants' motion to dismiss when it denied her leave to amend her complaint.[1] Plaintiff claims that her amended complaint would not be dismissable under *Rooker-Feldman* because it "would not attack the legitimacy of any state court orders." *See* Mot. for Reconsideration at 5 ¶ 17. Instead, plaintiff claims that injunctive and declaratory relief is necessary because Judge Lynn "has refused to allow Plaintiff access to the remedy set forth in his [August 6, 2008] order by stalling the proceedings." *Id.* at 8 ¶ 34.[2] Plaintiff further argues that "unless the federal court forces the state court to finish the proceedings in accordance with the August 6, 2008 outstanding order of the state court, Plaintiff will have been awarded a remedy, but denied satisfaction by the very court through which that remedy was issued." *Id.* at 8 ¶ 35. In

---

[1] Plaintiff initially responded to defendants' motion to dismiss through her former counsel, *see* Dkt. 12, but, after deciding to proceed *pro se*, filed a second response that replaced the first, *see* Dkt. 22.

[2] Plaintiff has not identified how exactly the Court of Common Pleas has failed to finish its proceedings. The Court in its August 6, 2008 order required Patrick Charles and the Craigg Real Estate Investment Group ("Craigg") to pay $30,500 to the Prothonotary within ten days. It also required Vincent Melchiorre to act as Receiver of the funds paid to the Prothonotary, and to distribute those funds to plaintiff in accordance with the Court's orders. *See* Dkt. 1, Ex. C. If plaintiff's complaint is that Charles and Craigg have failed to comply with the Court's order, her remedy lies in seeking to enforce that order against Charles and Craigg, not in an action against Judge Lynn and the Commonwealth of Pennsylvania.

other words, plaintiff suggests that her amended complaint would not seek to overturn the state court's orders, but would instead seek to compel the state court to *enforce* its own orders.

This court's August 9, 2010 opinion stated that the "proposed amended complaint asks for the same relief as the original complaint." *See* Dkt. 23, at 12. The court now recognizes that the relief requested in the proposed amended complaint is not identical to that requested in the original complaint—where the original complaint asked this court to modify state court orders, the proposed amended complaint would ask this court to require the state court to enforce its own orders. Despite this difference, the court remains persuaded that the proposed amendment would be futile because plaintiff is, in essence, asking this court to act as a supervisor of the Pennsylvania Court of Common Pleas in its handling of her case. Plaintiff's proposed amended complaint would run afoul of *Rooker-Feldman*, insofar as plaintiff seeks to revisit final state court orders, or *Younger v. Harris*, 401 U.S. 37 (1971), insofar as plaintiff seeks to have this court supervise the state court's conduct of an ongoing civil case.

With respect to *Younger*, the three prerequisites of *Younger* abstention are all implicated by plaintiff's proposed relief. *See Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003) ("In order for a federal court to abstain under the *Younger* doctrine: (1) there must be ongoing state proceedings that are judicial in nature; (2) the state proceedings must implicate important state interests; and (3) the state proceedings must afford an

adequate opportunity to raise federal claims." (quotations and alterations omitted)). There is, according to plaintiff, an ongoing judicial proceeding in Pennsylvania state court. *See* Pl.'s Br. in Supp. of Mot. to Reconsider at 6 (accusing Judge Lynn of "unconscionable delay" in enforcing the August 6, 2008 order). Pennsylvania has an important state interest in "enforcing the orders and judgments of [its] courts." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987). Finally, if plaintiff believes that Judge Lynn is somehow refusing to enforce his own orders because of her race, she must raise that claim in the state appellate courts—which she has apparently not attempted—or demonstrate that raising such a claim on appeal is not possible. *See Pennzoil*, 481 U.S. at 15 ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Because the state appellate courts remain open to plaintiff, she has not demonstrated that "deference to the state proceeding will present a significant and immediate potential for irreparable harm" to her federal claims. *Anthony*, 316 F.3d at 418 (quotation omitted).

For these reasons, plaintiff's motion for reconsideration is denied.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.